IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARRELL EUGENE SMITH,**

    **Plaintiff,**

v.                                                                **Case No. 2:13-cv-22195**

**JAMES RUBENSTEIN,**
**Commissioner of Corrections,**
**DAVID BALLARD, Warden,**
**WEXFORD HEALTH SOURCES, INC.,**
**contracted at Mount Olive Correctional Complex,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On August 23, 2013, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), an Authorization to Release Institutional Account Information (ECF No. 2), a Complaint under 42 U.S.C. § 1983 (ECF No. 3) and a Motion for Expedited Injunction and Restraining Order (ECF No. 4). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant who is immune from such relief. This screening is generally done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

* * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Complaint alleges that the defendants have been deliberately indifferent to the plaintiff's serious medical needs. Specifically, the Complaint alleges:

> Plaintiff has a hernia tear where his intestines are dropping into his scrotal sack and his testicles become inflamed. Wexford doctor, Dr. Ray, following an examination stated when "the hernia would come out and I could not get it in, and my stomach would get hard and I am throwing up, then contact medical and they would life flight me to the hospital in Charleston, and they would do emergency surgery if I were to survive that long." This is deliberate medical indifference to a serious medical condition which causes severe and continuous pain and suffering and constitutes neglect and cruel and unusual punishment.

(ECF No. 3 at 4-5). The plaintiff seeks monetary damages, as well as injunctive relief in the form of hernia surgery and "a competent evaluation and care of other medical problems" and a court-ordered examination of Wexford's policies and guidelines. (*Id.* at 5). The Plaintiff attached his own affidavit to the Complaint which reiterates many allegations, and further indicates that he has been supplied a "waist binder for someone who has weight problems. No appliance has been given to me to handle the severity of my medical problem." (*Id.* at 8).

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

The plaintiff also filed a separate Motion for an Expedited Injunction and Restraining Order. (ECF No. 4). In that motion, the plaintiff states that he is a 66 year old man who suffers from various medical problems, including a double abdominal hernia, which causes him continuous pain and suffering. (*Id.* at 1). The plaintiff further asserts that Dr. Ray, a physician employed by Wexford Health Sources, Inc. ("Wexford") at the Mount Olive Correctional Complex ("MOCC"), has informed the plaintiff that no corrective surgery will be given, "until the hernia strangulates he bowel and makes it necessary for the plaintiff to be Life-Flighted to Charleston Hospital." (*Id.*) The plaintiff's motion further states that "[t]he attitude of Wexford is one of disconcern and this very fact caused pause for this Plaintiff which prompts the need for expedited injunctive relief by this court." (*Id.*) The plaintiff again seeks an order to have him examined by an outside physician for potential surgery, and an investigation of Wexford's policies and practices. (*Id.*)

## ANALYSIS

### A. The plaintiff's Complaint fails to state a claim upon which relief may be granted against the defendants.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "sufficiently culpable state of mind;'" that is, A "deliberate indifference to inmate health or safety." *Id.,* at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.,* at 837.

The plaintiff's Complaint, even when read liberally, contains insufficient allegations that the defendants have exhibited a deliberate indifference to the plaintiff's serious medical needs, in violation of his Eighth Amendment rights. "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would

5

easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltie*r, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct <u>might</u> establish deliberate indifference to a serious medical need.

In *Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977), the plaintiff, who had complained numerous times of eye problems and loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. *Id.* at 1286. Subsequently, a specialist found

6

that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored. *Id.* The Fourth Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat Webster, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, Webster's allegations did not constitute a cognizable constitutional claim. *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

The allegations in the plaintiff's Complaint do not rise to the level of deliberate indifference to a serious medical need. The Complaint avers that the plaintiff has been examined by Dr. Ray, Wexford's doctor at MOCC, but the plaintiff disagrees with Dr. Ray's conservative treatment recommendation. The plaintiff believes that the proper course of treatment is surgery. As noted above, disagreements concerning the course of treatment and questions of medical judgment are not subject to judicial review.

Moreover, based upon the plaintiff's use of the term "neglect," to the extent that the plaintiff may be seeking to bring a negligence claim against Wexford, or its employees, the Complaint fails to state "enough facts to state a claim to relief that is plausible on its face." The Complaint fails to identify the conduct taken by any of the

7

particular defendants or how any such conduct violated the applicable standard of care, causing him injury or damages. Rather, the Complaint contains only conclusory statements, and legal conclusions couched as factual allegations.

Furthermore, Commissioner Rubenstein and Warden Ballard are supervisory officials who had no direct involvement in the plaintiff's medical treatment. It is well-settled that prison officials are entitled to rely upon the professional judgment of trained medical personnel. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); *Shakka v. Smith*, 71 F,3d 162, 167 (4th Cir. 1995). Thus, to establish a claim of deliberate indifference against non-medical prison personnel, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct. *Miltier*, 896 F.2d at 853. The plaintiff has made no such allegations concerning defendants Rubenstein and Ballard, and, in fact, the plaintiff's Complaint contains no specific allegations against them at all.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that, pursuant to the standards set forth in *Twombly* and *Iqbal*, the plaintiff's Complaint (ECF No. 3) fails to state a claim upon which relief may be granted, and should be dismissed under 28 U.S.C. § 1915A.

### B. The plaintiff's Motion for Injunctive Relief.

Turning to the plaintiff's Motion for Expedited Injunction and Restraining Order (ECF No. 4), Rule 65(b) of the Federal Rules of Civil Procedure permits the issuance of a Temporary Restraining Order, without notice to the adverse party, only if "specific facts in an affidavit or a verified complaint clearly show that the immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in

opposition." Fed. R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for preliminary injunction and the scope of any injunction. *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"), in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in the all federal courts. *Id.*

Because the undersigned is proposing that the presiding District Judge find that the plaintiff's Complaint fails to state a claim upon which relief may be granted, the plaintiff cannot clearly demonstrate that he will likely success on the merits of his case. Accordingly, under the *Winter/Real Truth* standard, the undersigned proposes that the presiding District Judge **FIND** that there is no basis for granting preliminary injunctive relief in this matter.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 3) under 28 U.S.C. § 1915A, **DENY** the plaintiff's Motion for Expedited Injunction and Restraining

10

Order (ECF No. 4), and **DENY** his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

February 25, 2014

Dwane L. Tinsley
United States Magistrate Judge