IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DARRELL EUGENE SMITH,

          Plaintiff,

v.                                              CIVIL ACTION NO.   2:13-cv-22195

JAMES RUBENSTEIN, et al.,

          Defendants.

**ORDER**

      This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court **DISMISS** the plaintiff's complaint [Docket 3] under 28 U.S.C. § 1915A, **DENY** the plaintiff's Motion for Expedited Injunction and Restraining Order [Docket 4], and **DENY** his Application to Proceed without Prepayment of Fees and Costs [Docket 1]. The Magistrate Judge directed the plaintiff to file his objections to the proposed findings and recommendations on or before March 14, 2014.

      On March 13, 2014, the plaintiff filed a letter-form motion requesting that I either stay the Proposed Findings and Recommendation that was entered by the Magistrate Judge or appoint the plaintiff legal counsel. This letter does not mention, let alone raise, an objection to the Magistrate Judge's Proposed Findings and Recommendation. Accordingly, the court does not treat the

plaintiff's motion as an objection. The defendant did not file an objection to the Magistrate Judge's findings and recommendation.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). As the parties have not filed objections in this case, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DENIES** the plaintiff's Motion for Expedited Injunction and Restraining Order [Docket 4] and **DENIES** his Application to Proceed without Prepayment of Fees and Costs [Docket 1]. The court **DISMISSES** the plaintiff's complaint [Docket 3] and **DIRECTS** this action be removed from the docket.

With respect to the plaintiff's letter-motion, I cannot stay a proposed findings and recommendation that has been entered by a Magistrate Judge. Accordingly, the plaintiff's motion for stay of the Proposed Findings and Recommendation [Docket 11] is **DENIED.**

I also **FIND** that the plaintiff has not demonstrated "exceptional circumstances" necessitating the appointment of counsel in this civil action. The appointment of counsel to represent *pro se* plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel."

It is clear that the plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by*, *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id*. at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

From a review of the documents filed in this case, it appears to the court that the plaintiff does not have a colorable claim. Accordingly, the plaintiff's motion for appointment of counsel [Docket 11] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 17, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3